**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **ROBERT HILT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **CAUSE NO.   1:20-CV-2826** |
| | ) |
| **R. FALCONE AUTOMOTIVE INC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Robert Hilt ("Hilt"), by counsel, brings this action against Defendant, R. Falcone Automotive Inc. ("Defendant"), and shows as follows:

## OVERVIEW

1.      This is an employment discrimination action (disability and age) brought by Hilt against Defendant alleging that he was discriminated against because of one or more of his disabilities and his age as prohibited by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq. and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.§621 et. seq.

## PARTIES

2.      At all relevant times Hilt lived in Indianapolis, Indiana

3.      Defendant is a corporation that conducts business and maintains offices in the Southern District of Indiana.

4.      Hilt, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4) and 29 U.S.C. §630(f).  Moreover, Hilt is 'disabled', had a record of being disabled, and/or was regarded as being disabled as that term is defined by the ADA.

5.      Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A) and 29 U.S.C. §630(b).

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331. 42 U.S.C. §12117(a), and 29 U.S.C. §626(b).

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8.      Hilt properly exhausted his administrative remedies when he timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability and age.  A notice of suit rights was issued on or about August 17, 2020, and Hilt now brings this Complaint within ninety (90) days of receipt thereof.

## FACTUAL ALLEGATIONS

9.      Hilt, born in 1959, began his employment with Defendant in or about March 2019.  At the time of his separation on or about August 23, 2019, he was a Service Technician.

10.      Hilt met or exceeded the legitimate expectations of performance of his position.

11.      Hilt suffers from one or more conditions that qualify him as disabled under the ADA.  Defendant was aware of Hilt's condition and the impact it had on him and how it substantially limited his work activities.  Defendant did not learn of his disability until after he was hired and working for Defendant.

12.      Hilt was recruited to come up from southern Indiana to work for Defendant.  Jack Ford, the Shop Foreman, recruited him, interviewed him, and offered him a position.

13.     The summer of 2019 was particularly hot and humid, triggering one of Hilt's disabilities.  Hilt began bringing a portable oxygen tank to the workplace.  It was in plain sight, and Hilt too breaks due to the heat.  Hilt also carried an inhaler to work.

14.     Upon information and belief, Defendant began shifting assignments away from Hilt and to other Service Technicians.  As the technicians were paid based on the work they completed, this led to Hilt's income being reduced.  Moreover, Defendant hired either 1 or 2 substantially younger technicians in or about August 2019.

15.     On August 23, 2019, Hilt was brought in to the office and terminated as Defendant, "[D]ecided to go in a different direction."

16.     Hilt was permitted to park his camper at a motorcycle business owned and/or operated by Defendant or Defendant's owner, Robert C. Falcone.

17.     After his termination, Hilt was asked to move his camper.  On the day he went to collect his belongings, he ran in to Falcone.  Hilt asked what he did wrong.  Falcone told him two things.  First, he told Hilt that he was a "[L]iability with [his] health and the oxygen machine".  Second, he told Hilt that, "[T]he company was too weighted down with older employees."

18.     Hilt has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

## VIOLATION OF THE ADA

19.     Hilt incorporates by reference paragraphs one (1) through eighteen (18).

20.     Defendant discriminated against Hilt by terminating his employment because of his disability(ies), because it regarded him as being disabled, or because he has a record of being disabled.  Similarly-situated, non-disabled employees were treated better in the terms and conditions of their employment.

21.     Hilt has been harmed by Defendant's conduct.

## VIOLATION OF THE ADEA

22.     Hilt incorporates by reference paragraphs one (1) through twenty-one (21).

23.     Defendant discriminated against Hilt by terminating his employment because of his age.  Similarly-situated, younger employees were treated better in the terms and conditions of their employment.

24.     Hilt has been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Robert Hilt, respectfully demands judgment against Defendant in his favor and requests that the Court grant the following relief:

a)  An Order awarding Hilt the wages he lost and the value of the benefits he lost as a result of his unlawful termination;

b)  An Order awarding Hilt compensatory and punitive damages for an intentional violation of his rights as provided for by the ADA and liquidated damages under the ADEA;

c)  An Order awarding the costs of this action;

d)  An Order awarding reasonable attorneys' fees;

e)  An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f)  An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240

4

Telephone:     (317) 500-0700
Facsimile:     (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff


## JURY TRIAL DEMAND


Plaintiff demands a trial by jury on all issues deemed triable.


Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:     (317) 500-0700
Facsimile:     (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff